Rigoberto Rangel VILLALPANDO,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–74426.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2006.*

Decided April 17, 2006.

Eric A. Dumars, Esq., The Miller Law Group, Sacramento, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Thomas E. Leggans, Esq., USBE—Office of the U.S. Attorney, Benton, IL, for Respondent.

Before: SILVERMAN, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Rigoberto Rangel Villalpando, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to remand. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003), we grant the petition for review.

The immigration judge abused her discretion by refusing to continue Rangel Villalpando's merits hearing when his counsel was unable to appear given that Rangel Villalpando did not waive his statutory right to counsel of his choice under 8 U.S.C. § 1362. *See Baires v. INS,* 856 F.2d 89, 91–93 (9th Cir.1988); *Castro–Nuno v. INS,* 577 F.2d 577, 578–79 (9th Cir.1978).

We have not yet decided whether prejudice is required when a petitioner has demonstrated denial of the right to counsel in removal proceedings, *see Baltazar–Alcazar v. INS,* 386 F.3d 940, 947 (9th Cir. 2004), but we need not resolve that issue here. Demonstrating the hardship required for cancellation of removal "is no easy task," and it is not apparent from the record that Rangel Villalpando understood his role in the proceedings or his burden of proof. *Id.* at 947–49. Accordingly, "[w]e have little doubt that [he] ... would have benefitted from counsel and that [he was] prejudiced in proceeding without counsel...." *Id.* at 948.

Because Rangel Villalpando was prejudiced by the violation of his right to counsel, the BIA abused its discretion in denying the motion to remand.

We need not reach Rangel Villalpando's due process claim.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.